UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST,** *et al.* | CASE NO. 3:13-CV-00411 |
| Plaintiffs, | JUDGE THOMAS M. ROSE |
| v. | |
| **VAL-LEE STUD WELDING, INC.,** *et al*, | <u>ORDER</u> |
| Defendants. | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

This action came before the Court on Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit, Pension, and Annuity Trusts' ("Trusts") Motion for Default Judgment against the Defendants Val-Lee Stud Welding, Inc. ("Val-Lee") and Valori A. Mace ("Mace") (collectively "Defendants").  This Court now grants the Plaintiffs' Motion for Default Judgment against Defendant Mace in its entirety.

I.  BACKGROUND FACTS

The Trusts are three employee benefit plans. ECF #1, Complaint, 1.  The Trusts entered into agreements with Defendant Val-Lee that required them to make contributions as stipulated in the agreements to the Trusts.  *Id.,* at 6-8.  The Trusts' allegations, which have now been adopted by the Court by virtue of the entry of default judgment, are that Defendant Val-Lee is delinquent with its contributions to the Trusts, in violation of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and that Defendant Mace is personally liable for all amounts that Defendant Val-Lee owes to the Trusts for her violations of ERISA.

II.     PROCEDURAL HISTORY

On December 9, 2013, Plaintiffs filed the instant action against the Defendants Val-Lee and Mace. ECF #1, Complaint. The summonses to the Defendants were issued on December 10, 2013. ECF # 2, Issuance. On December 12, 2013, service was executed on the Defendants. Defendants had 24 days after service was executed to answer the Complaint pursuant to Rule 12(a)(1)(A) and 6(d) of the Federal Rules of Civil Procedure, meaning their Answer was due January 2, 2014.

Upon service of the Complaint and Summons, the parties engaged in settlement negotiations. On January 2, 2014, the parties agreed to a joint stipulation extending the time to file a responsive pleading to January 14, 2014.  ECF #5. On January 13, 2014, the parties filed a joint motion to extend the deadline to file a responsive pleading until January 28, 2014. ECF #6. On January 28, 2014, the Plaintiffs filed a motion to extend the deadline to file a responsive pleading until February 11, 2014. ECF #7. On February 12, 2014, the Plaintiffs filed a motion to extend the deadline to file a responsive pleading until February 25, 2014. ECF #8. Each of the above motions and stipulations were granted by this Court. *See* Dkt. Defendant Val-Lee filed for bankruptcy in the United States Bankruptcy Court for the Southern District of West Virginia on February 25, 2014. *See* Aff. of Peggy Gotthardt, ¶ 35, Exh. B.

As of March 17, 2014, no answer, motion, or responsive pleading was filed. ECF #9, Aff. of Matt Hurm, Esq., ¶ 5. As Defendant Mace failed to answer or otherwise defend against the Trusts' Complaint, the Trusts applied for an entry of default on March 17, 2014. ECF #9, Application. The Clerk made an entry of default against the Defendants on March 31, 2014. ECF #10, Entry of Default. As of this date, no answer, motion, or responsive pleading has been filed. *See* Dkt.

III.    ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default.  *See* Fed. R. Civ. P. 55(a).  Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true.  See *Stooksbury v. Ross*, Case No. 12–5739, 2013 WL 2665596, *3 (6th Cir. June 13, 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading).  However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Neither of the Defendants filed an answer or responded to the entry of default. This failure to act makes clear that none of the Defendants have any intention of defending the current action. Therefore, default judgment and damages on the default judgment are warranted.

The Trusts provided a sworn affidavit from an employee, Peggy Gotthardt, who is responsible for monitoring employer contributions to the Trusts. Gotthardt indicated that the Defendants owe the Trusts a total of $5,347.32 in known delinquent contributions, interest, liquidated damages. Additionally, she states that the Trusts have paid or owe $9,969.75 in attorneys' fees and costs. It is also judicially noticed that Defendant Val-Lee is engaged in a bankruptcy proceeding, making an judgment against it improper at this time.

3

The Court concludes that the specific monetary damages claimed are sums certain supported by an affidavit and therefore a hearing on damages is not required. The Court adopts as its own finding the sum certain of the monetary damages evidenced by Gotthardt's affidavit.

IV.   CONCLUSION

Accordingly, based on the foregoing:

1. Plaintiffs' motion for default judgment and damages is **GRANTED**;

2. This Court hereby declares that Defendant Mace has breached her fiduciary duties owed to the Trusts.

3. This Court hereby declares that Defendant Mace has engaged in prohibited transactions under ERISA.

4. This Court hereby declares that Defendant Mace is liable for the reimbursement to the Trusts for all losses resulting from each such breach pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109(a), including the $5,347.32 in known delinquent contributions, interest, liquidated damages, and $9,969.75 covering the Plaintiffs' reasonably attorneys' fees and costs.

5. This Court hereby orders an accounting of all of the delinquent contributions that have not been paid to the Trusts due to Defendant Mace's orders or direction, and an accounting of all losses suffered by the Trusts and their participants as a result of their fiduciary breaches and prohibited transactions, with costs of such accounting to be paid by Defendant Mace, should the Trusts determine that such an accounting is necessary.

6. This Court hereby orders Defendant Mace to pay to the Trusts all amounts required to recover the losses suffered by the Trusts and their participants, including all rights and

benefits to which such participants were entitled to under the Trusts' plans of benefits, as a result of his breaches of fiduciary duty and prohibited transactions.

7. This Court hereby orders disgorgement of all ill-gotten gains by Defendant Mace, including employer contributions that have been wrongfully withheld from the Trusts.

8. This Court hereby awards post-judgment interest in the Trusts' favor pursuant to 28 U.S.C. §1961.

9. This Court shall retain jurisdiction over this cause pending Defendant Mace's compliance with the Court's orders.

**IT IS SO ORDERED**

Date: June 30, 2014

s/Thomas M. Rose
Thomas M. Rose
United States District Judge